UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                 )
                                Plaintiff,     )
                                                 )     No. 1:20-cr-103
-v-                                       )
                                                 )     Honorable Paul L. Maloney
BAOLI YANG and JIE YU,                    )
                       Defendants.      )
_____)

## OPINION AND ORDER DENYING MOTION TO SUPPRESS AND MOTION FOR *FRANKS* HEARING

Defendants filed a motion to suppress evidence in which they challenge the sufficiency of the affidavit used to obtain a search warrant.  (ECF No. 41.)  Defendants request a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  The Court previously noticed a hearing for the motion.  Having reviewed the briefs, the record and the relevant law, the Court concludes a hearing is not necessary and will deny the motion.

I.

Alleged in the Indictment, Defendant Yang worked for Top Flight Financial (TFF) as an information technology technician.  Yang had access to TFF's computer network.  Yang allegedly installed a "booby trap" in TFF's computer network that would cause the network to crash if someone logged into the network and the network could not find Yang's credentials.  TFF terminated Yang in April 2019.  After Yang was terminated, the Government alleges Yang and his spouse Defendant Yu accessed TFF's network approximately 1,400 times, intentionally interfering with TFF's business operations and personnel records.  On May 22, 2019, a detective with the Michigan State Police applied for

and obtained a search warrant for Defendants' residence.   The Government charges

Defendants with two crimes: wire fraud and computer intrusion causing damage.

## II.

Search warrants are not directed at individuals; search warrants authorize the search

of a place and authorize the seizure of things.  *United States v. Church*, 823 F.3d 351, 355

(6th Cir. 2016) (quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978)).  "The 'critical

element in a reasonable search is not that the owner of the property is suspected of a crime

but that there is reasonable cause to believe that the specific things to be search for and seized

are located on the property to which entry is sought.'"  *Id.* (quoting *Zurcher*, 436 U.S. at

556).  Probable cause for a search arises when the affidavit submitted with the application

demonstrates that the items sought (1) are connected to criminal activity and (2) will be found

in the place to be searched.  *Id.* (citing *Zurcher*, 436 U.S. at 556 n.6.)

To obtain a hearing concerning a search warrant, the Supreme Court outlined the

burden on Defendants in *Franks v. Delaware*, 438 U.S. 154 (1978).

> In sum, and to repeat with some embellishment what we stated at the beginning of this opinion: There is, of course, a presumption of validity with respect to the affidavits supporting the search warrant.  To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine.  There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof.  They should point out specifically the portion of the warrant affidavit that is claims to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.  Allegations of negligence or innocent mistake are insufficient.  The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.  Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless

disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.  On the other hand, if the remaining content is insufficient, then defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.

*Franks*, 438 U.S. at 171.

Defendants assert that the officer who signed the affidavit used in the application for the search warrant committed reckless disregard for the truth.  Defendants argue the officer did not independently corroborate statements made to him by TFF and its agents. Defendants reason that without the uncorroborated allegations, the affidavit does not allege sufficient facts to establish probable cause.  If true, Defendants conclude that the evidence seized during the search must be suppressed.  *See Franks*, 438 U.S. at 156.

Defendants specifically identify the disputed statement in the supporting affidavit where the affiant states that TFF terminated Defendant Yang on April 26, 2019. (PageID.166.)   Defendants note that if Yang was not terminated, his access to TFF's computer network would have been authorized. Defendants contend that the affiant failed to conduct any independent corroboration of the statement: (1) the affiant did not consider the terms of the consulting contract; (2) the affiant omitted information from TFF that establishes that TFF did not notify Yang of his termination; and (3) the affiant was aware that Yang was not an employee who could be terminated at will because Yang had purchased shares of TFF.

The Court will deny Defendants' request for a hearing and Defendants' request to suppress evidence.

First, the conclusion or lynchpin of Defendants' argument, whether Yang was authorized to access TFF's computers, is misplaced.  Unauthorized access is not an element of the state crimes allegedly committed by Defendants that were used as a basis for obtaining the search warrant.  Thus, setting to one side the disputed statement, the affidavit sets forth sufficient facts for the magistrate judge to issue the search warrant.  The affiant sought evidence for violations of "MCL 752.794-797: unauthorized/fraudulent access to a computer, computer system/network, and/or use of a computer to commit a crime . . ." (PageID.177.)[1]   Sections 752.794 and 752.795(b) prohibit conduct that falls within the allegations contained in the affidavit and do not require unauthorized access as an element of the crime.  Section 752.794 criminalizes intentional access of a computer to devise or execute a scheme with the intent to defraud or obtain money.  Mich. Comp. Laws § 752.794; Mich. Crim. JI 35.7.  Neither the statute nor the approved jury instructions, require the Government to prove unauthorized access.    Section 752.795(b) criminalizes both unauthorized access to, and access that exceeds authorization of, a computer network when the person inserts a set of instructions or a computer program that is intended to alter, damage, disrupt, or destroy property.  Mich. Comp. Laws § 752.795(b); Mich. Crim. JI 35.9.  The affiant identified multiple unauthorized changes made to TFF's computer system. (PageID.179 ¶5.)   The affiant established that the IP address used connect to TFF's computers was linked to Defendants' residence.  *See Peffer v. Stephens*, 880 F.3d 256, 272

---

[1]    The affidavit is filed under seal.  (ECF No. 42-1.)

(6th Cir. 2018) (involving child pornography and collecting cases upholding search warrants where the only nexus to the place to be searched was the use of a computer).

Second, the law recognizes distinctions between anonymous tipsters and confidential informants and more reputable and reliable sources of information, including the victims of the crime. Both parties overlook this distinction. The Sixth Circuit has stated that while anonymous tips require some corroboration, "we draw a distinction between a true anonymous tip, . . . , and a victim's report, which, although related by a person unknown to the police officers, contains an indicia of reliability." *Rainer v. Lis*, 16 F.3d 1221 (6th Cir. Feb 7, 1994) (per curiam) (unpublished opinion). The Sixth Circuit has noted that concerns about veracity and reliability are generally diminished when the informant files a police report because of the threat of prosecution the informant faces for filing a false report. *United States v. Howard*, 832 F. App'x 795, 800 (6th Cir. 2015) (collecting cases). Here, the affiant informed the magistrate judge that a police report had been filed. The Sixth Circuit has also stated that the statements of crime victims are generally "entitled to presumption of reliability and veracity without independent corroboration." *United States v. Ingram*, 985 F.2d 562 (6th Cir. Jan. 13, 1993) (per curiam) (unpublished opinion); *see United States v. Swihart*, 554 F.2d 264, 269 (6th Cir. 1977) ("[W]e are of the opinion that where, as here, the informant is an identified nonprofessional who is also the victim of the crime, the danger of casual rumor or irresponsible conjecture on the part of the informant is substantially diminished[.]"). Here, TFF was the victim of the alleged crime.

Third, the affidavit submitted by Defendants to support their motion does not meet their "heavy burden." *United States v. Young*, 847 F.3d 328, 349 (6th Cir. 2017) (quoting

*United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).  While Defendants' motion and brief focus on the failure to corroborate a statement about the termination of Yang, the affidavit Defendants submitted does not mention termination at all.  (ECF No. 42-4 PageID.194-96.)   The only statement provided by TFF (and its agents) identified in Defendants' affidavit is that "defendants intruded upon and compromised data systems belonging to TFF and managed by Providence."  (*Id.* PageID.195 ¶13.)   According to Defendants' affidavit, the officers' failure to corroborate occurred when they "failed to request, seize, or analyze the affected computers and servers owned or operated by TFF and Providence."  (*Id.* ¶ 17.)  That course of action would not have provided the officers with any information about whether or if TFF terminated Yang.

Finally, the other evidence submitted by Defendants does not overcome the presumption of veracity and reliability afforded to TFF's statements, which were relied upon by the affiant in the application for the search warrant.  Defendants contend Defendant Yang was more than an employee, he and Defendant Yu were owners because in 2010 they purchased shares of TFF.  (*See* ECF No. 42-3 PageID.187.)  Defendants' evidence does not establish that shareholders have authorized access to TFF's computer networks.  Nor does the evidence establish that shareholders have the authority to alter and delete computer files on TFF's network.  Defendants also contend that the affiant omitted information, including Defendants' status as owners and the 30-day notice required for termination of the consulting services (ECF No. 42-2 PageID.183.)  Challenges to search warrant affidavits based on the omission of evidence face a higher burden.  The Sixth Circuit clarified that "except in the *very* rare case where the defendant makes a strong preliminary showing that the affiant *with*

*an intention to mislead* excluded critical information from the affidavit, and the omission is critical to the finding of probable cause, *Franks* is inapplicable to the omission of disputed facts." *Mays v. City of Detroit*, 134 F.3d 809, 816 (6th Cir. 1998) (italics in original). Defendants have not alleged that the affiant intended to mislead the magistrate judge and the evidence, without more, does not allow for such an inference. And, the notice provision includes an exception for breach of contract.

### III.

Defendants are not entitled to a *Franks* hearing. Defendants have not met their burden to show a false statement made in the affidavit for the search warrant. *See United States v. Ardd*, 911 F.3d 348, 353 (6th Cir. 2018). Defendants have not established that without the disputed statement, the affidavit for the warrant fails to allege sufficient facts for the magistrate judge to find probable cause. *See United States v. Merrell*, 330 F. App'x 556, 560 (6th Cir. 2009). And, because the affidavit did establish probable cause, the Court declines to suppress evidence that was seized during the execution of the search warrant.

### ORDER

For the reasons provided in the accompanying Opinion, the Court **DENIES** Defendants' motion to suppress and for a *Franks* hearing. (ECF No. 41.) **IT IS SO ORDERED.**

Date:  January 20, 2021                                         /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge