UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:20-cr-00103 |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | **MOTION IN LIMINE** |
| BAOLI YANG and | **TO EXCLUDE TESTIMONY** |
| JIE YU, | **ABOUT COLLATERAL MATTER** |
| Defendants. | |

### DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE TESTIMONY ABOUT COLLATERAL MATTER

NOW COMES THE DEFENDANTS, Baoli Yang, by and through his attorney, Patrick William O'Keefe, and Jie Yu, by and through her attorney, Mary Chartier-Mittendorf, who hereby move this Honorable Court to grant their motion in limine to exclude testimony about a collateral matter.

### FACTUAL BACKGROUND

The Defendants are charged with Wire Fraud and Computer Intrusion Causing Damage in Excess of $5,000. They have pled not guilty. The matter is scheduled for trial on February 23, 2022. Defendants have endorsed an expert witness, D/Sgt. Benjamin Gonzalez with the Michigan State Police (MSP). Sgt. Gonzalez is a renowned expert in forensic imaging analysis (cybercrimes).  In this case, Sgt. Gonzalez reviewed, and interpreted data collected and analyzed by the Government and its witnesses, including a couple of government witnesses who also work for MSP. As a current member of MSP, Sgt. Gonzalez is permitted to take on outside work pursuant to his secondary employment agreement with MSP. The Government alleges that Sgt.

Gonzalez violated his secondary employment agreement by taking on work for Defendants in a case where MSP troopers/analysts are the primary Government witnesses.

## ISSUE PRESENTED

At issue is whether Sgt. Gonzalez's alleged violation of his secondary employment agreement should be admitted as impeachment evidence at trial. The issue here is whether a defense expert's testimony may be impeached by extrinsic evidence offered by the government.

## QUESTIONS PRESENTED

I. **IS THE EVIDENCE RELEVANT?**

II. **IF THE EVIDENCE IS RELEVANT, IS IT BEING OFFERED FOR A PROPER PURPOSE?**

III. **IF THE EVIDENCE IS RELEVANT AND OFFERED FOR A PROPER PURPOSE, IS THE PROBATIVE VALUE OF SUCH EVIDENCE SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE?**

IV. **IS THE EVIDENCE A PROPER ATTACK ON THE WITNESS'S CHARACTER FOR TRUTHFULNESS?**

## RULES AND ANALYSIS

I. **RELEVANT EVIDENCE IS EVIDENCE THAT HAS ANY TENDENCY TO MAKE THE EXISTENCE OF A FACT IN ISSUE MORE OR LESS PROBABLE THAN IT WOULD BE WITHOUT THE EVIDENCE (FRE 401)**

The purported impeachment evidence that is expected to be produced by the Government is with respect to whether Sgt. Gonzalez violated his secondary employment agreement. This is an administrative matter that has been dealt with by MSP pursuant to an Internal Affairs investigation. Results of that investigation are not a matter of public record. Evidence of Gonzalez's alleged violation of his secondary employment agreement is not relevant in this context. Assuming *arguendo* that Gonzalez violated his agreement with MSP, it has no tendency to move the needle

on a wire fraud or computer intrusion case. It is not going to make it more or less likely that the Defendants committed wire fraud or computer intrusion.

Courts generally review evidentiary rulings for abuse of discretion. *United States v. Jenkins*, 593 F.3d 480, 484 (6th Cir. 2010). Rule 401 offers a test of relevance: "Evidence is relevant if…it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). And, "the fact [must be] of consequence in determining the action." Fed. R. Evid. 401(b).

In a criminal case, a fact is "of consequence" if it makes it more or less likely that the defendant committed the charged conduct. *United States v. Hazelwood*, No. 3:16-cr-00020, at p. 12 (6th Cir. 2020) (*approved for publication*). Evidence must at least be "a step on one evidentiary route to the ultimate fact." *See Old Chief v. United States*, 519 U.S. 172, 179 (1997).

The alleged violation of Sgt. Gonzalez's secondary employment agreement fails to move the needle in this case. There is simply no route on which the alleged violation of a secondary employment agreement make it more likely that these defendants committed wire fraud or computer intrusion causing damage. Therefore, any attempt by Government to elicit testimony of the witness's collateral violation of his secondary employment agreement should be barred.

## II. RELEVANT EVIDENCE MUST BE OFFERED FOR A PROPER, NON-PROPENSITY PURPOSE (FRE 404).

Even where evidence has been deemed to be relevant, it must be offered for a proper purpose under Rule 404 and 405. Rule 405 limits the form of evidence that can be admitted under Rule 404(a). *Hazelwood*, *id.* at 14,( citing *United States v. Roper,* 135 F.3d 430, 433 n.1 (6th Cir. 1998). Where, as in this case, character is not an essential element of a charge or defense, Rule 405 allows inquiry into prior acts *only* through testimony about a defendant's "reputation" or "opinion" to prove a person's character. *See* Fed. R. Evid. 405(a) ("When evidence of a person's

character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of any opinion.").

On cross-examination—where this proffered evidence is expected to come out—the Government may only inquire about "specific instances of the person's conduct," without introducing extrinsic evidence of that conduct. *See id.; see also United States v. Reese*, 568 F.2d 1246, 1251 (6th Cir. 1977).

Another pathway to admission is through FRE 404(b), which allows the admission of "other acts" evidence to show a common plan, scheme, or system in doing an act, or to show motive, intent, opportunity, mistake, or lack of accident. But it is the Defendants' understanding that the Government is not attempting to show that Sgt. Gonzalez has some sort of pattern of deceit or corrupt motive to lie.

Even if the proffered evidence were to withstand the scrutiny of Rule 404(b), it must also be admissible under Rule 405. In other words, Rule 405 allows inquiry into prior acts *only* through testimony about a defendant's "reputation" or "opinion" to prove a person's character. Defendants are aware of no evidence that would suggest that Sgt. Gonzalez has a "reputation" for being untruthful, nor are they aware of any potential witnesses who would hold such a view.

### III.  RELEVANT, NON-PROPENSITY EVIDENCE MUST BE EXCLUDED WHERE IT IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE. (FRE 403).

Even if there were a witness who would care to opine—either by his or her own opinion or Gonzalez's reputation—that he is an untruthful person, the evidence must still pass the stricture of FRE 403. What may be perhaps the most overlooked or underutilized rules of evidence, Rule 403 acts as a safeguard against evidence that although relevant, offers limited probative value on the issue of guilt of the accused. This Court may exclude even relevant evidence if the probative value

is substantially outweighed by the danger of unfair prejudice or confusion of the issues. It is hard to imagine a scenario where, if true, Sgt. Gonzalez's violation of his secondary employment agreement could constitute a lack of trustworthiness in his expert testimony.

While such elicitation would not likely shock the conscience of the jury, to a point where they would completely disregard Sgt. Gonzalez's testimony, the prevailing lack of relevance and limited probative value cannot be ignored. The crux of Rule 403 is that evidence of limited relevance and probative value will have an "undue tendency to suggest a decision based on improper considerations." United States v. Asher, 910 F.3d 854, 861 (6th Cir. 2018) (quoting *United States v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999).

Although a majority of cases involving Rule 403 deal with the admission of other acts evidence against the *accused*, the same principles apply when there is a direct attack against a defense witness. In other words, if such evidence can have an overly prejudicial directly against the accused, it can have an equally prejudicial effect when offered against a defense witness, especially an expert witness.

Setting aside the fact such impeachment evidence is not relevant to any fact "of consequence," the steady fact remains that its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. If the jury were to hear that Gonzalez allegedly violated his secondary employment agreement, this Court would have a real headache trying to explain to the jury how they are to view such evidence. A limiting instruction would likely lead to limited comprehension by the jury.

**IV. WHERE A WITNESS'S CHARACTER FOR TRUTHFULNESS IS NOT OFFERED, THERE CAN BE NO REBUTTAL EVIDENCE ABOUT HIS CHARACTER FOR UNTRUTHFULNESS.**

Because it is not relevant to the issues at hand, Defendants have no intention of offering Sgt. Gonzalez's character for truthfulness. Therefore, the door will not be opened by the defendants whereby the Government will be afforded an opportunity to rebut his character. In other words, defendants will not put Gonzalez's character in play. And where the defendants do not put a witness's character in play, there must be no opportunity for the government to do the same. Defendants have no intention of opening the door to Gonzalez's character.

### V. SGT. GONZALEZ'S TESTIMONY SHOULD BE JUDGED ACCORDING TO STANDARDS SET FORTH IN FRE 702 AND 703 (EXPERT TESTIMONY)

Rule 702 states "[A] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Although Defendants do not necessarily seek to offer an opinion, they intend to at least ask Sgt. Gonzalez to provide the jury with a dissertation or exposition of technical principles relevant to the case, leaving the trier of fact to apply them to the facts.

Rule 702 has been amended in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and to the many cases applying *Daubert*. *See FRE 702, Committee Notes on Rules—2000 Amendment*. This Court must act as the gatekeeper in deciding whether the expert's testimony will offer the trier of fact with specialized knowledge about a particular matter that is of consequence to the action. Moreover, under Rule 104(a), the proponent (herein, Defendants) have the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987).

## CONCLUSION

Questions surrounding Sgt. Gonzalez's alleged violation of his secondary employment agreement should be barred under Rules 401-405. Therefore, the Defendants request a pre-trial ruling that such questioning by the Government is off limits.

                                                Respectfully Submitted,

Dated: November 11, 2021      by:    */S/Patrick William O'Keefe*
                                                      Patrick William O'Keefe (P59324)
                                                      Attorney for Defendant Yang

Dated: November 11, 2021      by:    */S/Mary Chartier-Mittendorf*
                                                      Mary Chartier-Mittendorf (P65327)
                                                      Attorney for Defendant Yu