UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BAOLI YANG and
JIE YU,

    Defendants.
_____/

No. 1:20-CR-103

HON. PAUL L. MALONEY
United States District Judge

### UNITED STATES' MOTION IN LIMINE
### REGARDING DEFENDANTS' STATEMENTS TO POLICE

During their interviews by police, each defendant made several admissions that referred to their co-defendant. The Government respectfully requests the Court approve the attached summaries of those statements, which have been prepared to address the Confrontation Clause issue recognized in *Bruton v. United States*, 391 U.S. 123 (1968). The Government further requests the Court limit cross examination by Defendants to avoid creating *Bruton* issues.

### FACTUAL BACKGROUND

On May 24, 2019, police executed a search warrant at Defendants' residence. After conducting a security sweep, police approached each of the Defendants, and they both agreed to an interview. To summarize, Yu told police her husband (Yang) owned a company that performed IT work for Top Flite; she told police that only Yang accessed one part of Top Flite's system, but Yu acknowledged she accessed another part of the system to help Yang with the business. (*See generally* Ex. 1: Yu Search Summary.) During

his interview, Yang provided similar information, including that Yu accessed the Top Flite system. (*See generally* Ex. 2: Yang Search Summary.) After police interviewed Defendants separately, they asked them additional questions while both were in the same room together.

On July 16, 2020, police returned to Yang and Yu's house with an arrest warrant. Yang invoked his right to remain silent. Yu agreed to speak with police. To summarize, she stated Top Flite's system crashed when Top Flite changed Yang's password. (*See generally* Ex. 3: Yu Arrest Summary.)

As originally provided, each Defendant's statements implicate the other in various ways. During trial, the Government proposes allowing officers to provide summary testimony that removes references by one defendant to the other, as detailed in the attachments to this motion. (Ex. 1: Yu Search Redacted Summary; Ex. 2: Yang Search Redacted Summary; Ex. 3: Yu Arrest Summary.)

## ANALYSIS

The Confrontation Clause guarantees "the right of a criminal defendant 'to be confronted with the witnesses against [them].'" *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). This constitutional guarantee includes a right for the accused to cross-examine witnesses against them. *Id.* (citing *Pointer v. Texas*, 380 U.S. 400, 404 (1965)). Because of that right, a pretrial confession generally cannot be admitted against a co-defendant "unless the confessing defendant takes the stand." *Id.* This is known as the *Bruton* rule. A limiting instruction, standing alone, does not cure the *Bruton* issue. *Bruton*, 391 U.S. at

135–36. But as the Sixth Circuit recently noted, a limiting instruction is necessary. *United States v. Flowers*, 712 F. App'x 492, 500 (6th Cir. 2017).

A redacted version of a co-defendant's statement can cure a potential *Bruton* issue. Indeed, a non-testifying co-defendant's confession is generally admissible in a joint trial if it is "not incriminating on its face, and bec[o]me[s] so only when linked with evidence introduced later at trial." *Richardson*, 481 U.S. at 208, 107 S.Ct. 1702; *see United States v. Alkufi*, 636 F. App'x 323, 335 (6th Cir. 2016) ("The law is clear that introduction into evidence of a nontestifying codefendant's statement does not violate the Confrontation Clause where it does not name the defendant, and implicates him only in light of other evidence presented at trial."). Because context may make implications obvious, "*Bruton* violations can occur even where a defendant's name is redacted or replaced from a non-testifying co-defendant's confession." *Stanford v. Parker*, 266 F.3d 442, 456 (6th Cir. 2001). This is particularly true where there are only two defendants to a case, and one defendant's statements likely refer to the co-defendant. *Id.* (holding redaction to "the other person" obviously implicated co-defendant and violated *Bruton* but finding error harmless). To address that concern, courts allow redacted summaries of a co-defendant's confession in joint trials. *United States v. Solis*, 299 F.3d 420, 443 (5th Cir. 2002) ("We conclude that there was no Bruton error in the admission of the summaries of the confessions of Arturo Meza and Jose Meza.")

Thus, *Bruton* and its progeny require that the statements made by Yang and Yu to be edited for presentation at trial. Yang and Yu worked together for their company

(Synchrobiz) to perform IT services for the victim in this case (Top Flite). Both Yang and Yu were interviewed by police, and each Defendant referred to the other multiple times. Specifically, each identified the other's access of Top Flite's computer systems and the kind of work the other performed. Because redacted versions of the recordings would result in obvious implications by one defendant to the other, the government does not intend to play the recordings. Instead, the Government proposes relying on the testimony of the officers who interviewed Defendants. Exhibits 1, 2, and 3 are summaries of the information the Government may seek to elicit at trial, which have been redacted to remove references by one defendant to the other.

Because the law requires the Government to proceed in this manner, the Court should limit defense cross examination that would invite *Bruton* error. Specifically, if Defendants argue or imply the Government is hiding something by not playing the recordings, the only way for the Government to respond would be to introduce the recordings. But playing the recordings would reveal the references each defendant made to the other, creating the *Bruton* issue prohibited by the Constitution.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests the Court allow investigating agents to summarize their interviews of Defendants, remove Defendants' references to each other, and limit cross examination to avoid potential *Bruton* violations.

Date: January 3, 2022                                  Respectfully Submitted,

                                                           ANDREW BYERLY BIRGE
                                                          United States Attorney

                                                          /s/ Davin M. Reust
                                                          DAVIN M. REUST
                                                          TIMOTHY P. VERHEY
                                                          Assistant United States Attorneys
                                                          P.O. Box 208
                                                          Grand Rapids, Michigan 49501-0208
                                                          (616) 456-2404