UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-103 |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | **TRIAL BRIEF** |
| JIE YU, | |
| Defendant. | |

_____

Jie Yu, through her attorney Mary Chartier of Chartier & Nyamfukudza, P.L.C., and pursuant to this Court's Order Setting the Final Pretrial and Trial files this trial brief.

## COVID-19

This Court is well-aware of the COVID-19 pandemic, and the high COVID rates throughout Michigan. There are health risks for people who are unvaccinated and vaccinated. Moreover, people have strong feelings about COVID-19 precautions, such as mask wearing. Counsel would like to discuss the COVID-19 protocols in the courtroom to ensure that she is aware of this Court's rules in advance of trial, including rules for approaching witnesses with exhibits and impeachment materials.

1

## Voir Dire

One issue to discuss is how the Court would like to handle challenges for cause in light of COVID—for instance, whether these will still be done at the bench. There are also two questions in the government's proposed voir dire that counsel objects to asking the jury as they are currently phrased.

Question 2 references Top Flite Financial as a "victim" in the case. Counsel objects to referring to anyone as a victim. That is the whole point of the trial.

Question 6 asks about a specific jail, as well as entities that oversee prisons, which seems to indicate that there is some link between Mrs. Yu and these facilities. Counsel recommends that the question be rephrased as asking if anyone knows a person who works in the jail or prison system, rather than specific facilities and entities.

## Objections by Counsel

One issue is whether the Court requires objections to be made by each counsel or does the Court recognize that an objection made by co-counsel is applicable to both defendants unless specifically stated otherwise.

## Jury Instructions

The attorneys have addressed and resolved numerous issues related to the jury instructions. Notably, the Sixth Circuit does not have a jury instruction for computer fraud.

One issue that remains is whether the good faith jury instruction may be given for count 2. In other circuits, the instruction is allowed for computer fraud. The Eleventh Circuit has a pattern instruction for computer fraud and allows an instruction related to "good faith" to be given in cases of alleged computer fraud. The court's reasoning is that "good faith" is a complete defense to a charge that requires intent to defraud. (S17.) The Seventh Circuit has a pattern instruction for computer fraud and allows an instruction related to "good faith" to be given in cases of alleged computer fraud. (6.10.) The Eighth Circuit has a pattern instruction for computer fraud and seemingly allows an instruction related to "good faith" to be given in cases of alleged computer fraud. (9.08A.) While the bracketed options in the jury instructions do not list computer fraud, the Committee Comments indicate that the instruction is applicable to offenses other than those listed in the

brackets, including the offense of possession with intent to distribute a controlled substance. (See 6.21.841A.)

## Summaries

The government has disclosed summaries that it seeks to admit at trial. Counsel objects to the summaries because they are misleading. The Sixth Circuit has held that a summary must be nonprejudicial, presented in a non-misleading way, and free from the arguments and inferences that the proponent wishes the jury to reach. *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998).

> [G]iven Rule 1006's provision that the underlying documents need not themselves be in evidence, however, it is plain that a summary admitted under Rule 1006 is itself the evidence that the trier of fact should consider. . . . [A] summary document "must be accurate and nonprejudicial." This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner. Nothing should be lost in the translation. It also means, with respect to summaries admitted in lieu of the underlying documents, that the information on the summary is not embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise. Once a Rule 1006 summary is admitted, it may go to the jury room, like any other exhibit. Thus, a summary containing elements of argumentation could very well be the functional equivalent of a mini-summation by the chart's proponent every time the jurors look at it during their deliberations, particularly when

4

the jurors cannot also review the underlying documents. [*Id.* (internal citations omitted).]

An example from the summary is the following:

| 1 | Column2 | Column5 | Column6 | Column9 |
|---|---|---|---|---|
| 4695 | 8:22:01 PM | / | - | 68.61.175.164 |
| 4696 | 8:22:01 PM | /Login.aspx | - | 68.61.175.164 |
| 4697 | 8:22:01 PM | /TFF/css/coupons.css | - | 68.61.175.164 |
| 4698 | 8:22:01 PM | /WebResource.axd | d=d_Qh1TsVN1jGWE2I9rZzWzhFu7YeCnP9BiQTFY51ZTkhcom8K7NCiXDjcBBdIxqKyXuFVkcJyg91DAsYwXAOA2Q90zbAFIUPQsU9BvLVF881&t=636765212300000000 | 68.61.175.164 |
| 4699 | 8:22:01 PM | /TFF/images/house2.png | - | 68.61.175.164 |
| 4700 | 8:22:01 PM | /WebResource.axd | d=7eiN2j5Cj9R7NS9NGqyV0lnW28ICP2bW9RT-zIcBL1gewfWc6ICklzwddMxtGATuj_yvWqjBsez4eouYQboD3aZ8R_kOg4HwaedDtGAVSV41&t=636765212300000000 | 68.61.175.164 |
| 4701 | 8:22:01 PM | /TFF/images/calc2.png | - | 68.61.175.164 |
| 4702 | 8:22:01 PM | /TFF/images/TFF-logo.png | - | 68.61.175.164 |
| 4703 | 8:22:01 PM | /TFF/images/ccard2.png | - | 68.61.175.164 |
| 4704 | 8:22:01 PM | /images/title_login.gif | - | 68.61.175.164 |
| 4705 | 8:22:01 PM | /TFF/js/LAB.js | - | 68.61.175.164 |
| 4706 | 8:22:01 PM | /TFF/css/style.css | - | 68.61.175.164 |
| 4707 | 8:22:01 PM | /proshop/PersonalWebsite/img_test.png | - | 68.61.175.164 |
| 4708 | 8:22:01 PM | /TFF/images/house.png | - | 68.61.175.164 |
| 4709 | 8:22:01 PM | /TFF/images/calc.png | - | 68.61.175.164 |
| 4710 | 8:22:01 PM | /TFF/images/apply.png | - | 68.61.175.164 |
| 4711 | 8:22:01 PM | /TFF/images/ccard.png | - | 68.61.175.164 |
| 4712 | 8:22:01 PM | /TFF/images/review.png | - | 68.61.175.164 |
| 4713 | 8:22:01 PM | /TFF/images/footerlogos/inc-5000.jpg | - | 68.61.175.164 |
| 4714 | 8:22:01 PM | /TFF/images/footerlogos/inc5000hr.jpg | - | 68.61.175.164 |
| 4715 | 8:22:01 PM | /TFF/images/footerlogos/fha.jpg | - | 68.61.175.164 |
| 4716 | 8:22:01 PM | /TFF/images/footerlogos/bbb.jpg | - | 68.61.175.164 |
| 4717 | 8:22:01 PM | /TFF/images/banners/banner2.jpg | - | 68.61.175.164 |
| 4718 | 8:22:01 PM | /TFF/js/jquery.cycle2.min.js | - | 68.61.175.164 |

This purports to represent actions taken by Mr. Yang or Mrs. Yu, but it is impossible for a person to make 23 actions within one second. The summary charts may represent what actions were taken within the computer, but those do not represent the intentional actions taken by a person.

## Mrs. Yu's Statements to the Police

The issue of what statements Mrs. Yu made to the police and whether they are admissible if elicited by the defense must be addressed in context of the testimony by the police. The government is not allowed to create a misleading impression through admitting only a part of a

5

statement. *United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013). Mrs. Yu would not be seeking to submit exculpatory hearsay just to complete a statement. However, if the testimony of the officer is misleading, then it would certainly violate due process to allow this evidence to stand. Of note, misleading testimony would also be irrelevant and inadmissible. Fed. R. Evid. 403.

## Background Evidence and 404(b)

The claim that Top Flite Financial had computer problems in the past is not background evidence, and it is not relevant to the current claim. Even testimony that may be classified as background evidence is inadmissible if the testimony goes to the core of the government's case. *United State v. Martin*, 897 F.2d 1368, 1371 (6th Cir. 1990). An example of background evidence deemed admissible is found in *United States v. Aguwa*, 123 F.3d 418, 421 (6th Cir. 1997). The admitted background evidence related to the reasons that the police were at a particular location and investigating another suspect when they became involved with the defendant. *Id.* The evidence was benign and merely set the stage for why the police were in a particular location and happened upon the

defendant. In this case, the government seeks to use this testimony to show past purported criminal conduct.

There is also insufficient information to support any sort of analysis that the two events were similar or to support the government's 404(b) alleged proper purpose claims. The government merely lists purposes, such as motive, opportunity, knowledge, identity, and absence of a mistake, without explaining how the purported testimony would properly fall under any of these categories.

### Hearsay

It is unclear whether the government is going to elicit the fact that Top Flite Financial received calls from other branches or what was said during these calls. Without knowing more, it is not known whether the testimony would be hearsay or implied hearsay.

Of note, the United States Court of Appeals for the Seventh Circuit has explained the unfair prejudice that inures to a defendant when hearsay testimony about purported criminality is shared with the jury. *United States v. Mancillas*, 580 F.2d 1301, 1310 (7th Cir. 1978). Even if relevant, the value of the information "ordinarily 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury.'" *Id.* (quoting Fed. Rule of Evid. 403). The repetition of allegations of a defendant's specific criminality creates too great a risk that the jury will use the testimony in the exact manner that they are instructed not to use the testimony. See *id.* Moreover, the ability to confront and cross-examine these witnesses is lost if the hearsay is allowed to be admitted.

Respectfully submitted,

02/03/2022 /s/MARY CHARTIER
Date  Mary Chartier

### Certification of Delivery

I hereby certify that on February 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system. A hard copy has been mailed via the United States Postal Service to those who are not enrolled.

/s/MARY CHARTIER
Mary Chartier
Chartier & Nyamfukudza, P.L.C.
2295 Sower Boulevard
Okemos, MI 48864
Phone: 517.885.3305
Fax: 517.885.3363
mary@cndefenders.com