UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                   Plaintiff, )<br>                            )<br>-v-                          )<br>                            )<br>BAOLI YANG and JIE YU, )<br>               Defendants. )<br>                            ) | No. 1:20-cr-103<br><br>Honorable Paul L. Maloney |

## ORDER GRANTING MOTION FOR SHOW CAUSE AND REPRIMANDING EXPERT AND COUNSEL FOR VIOLATION OF COURT ORDER

The trial in this criminal action ended with a jury returning a not guilty verdict against both defendants on both counts. The Court has entered judgments of acquittal against both defendants (ECF Nos. 179 and 180).

Before the trial, the Government filed a motion to show cause for a violation of the Court's protective order (ECF No. 103).[1] On the first day of trial, before jury selection, the Court granted the motion and found that the Government established a violation of the protection order. In the motion, the Government did not request any particular sanction, leaving that result to the Court's discretion. This order memorializes the resolution of the Government's motion.

---

[1] The motion, relevant affidavits and expert report are all filed under restricted access. Several transcripts of court proceedings during which the subject of the motion is discussed, however, are not filed under restricted access. Because this Order discusses events and information that can already be found in docket entries available to the public, the Court does not issue the order under restricted access. The Government, however, may request that the Order be changed to restricted access.

I.

Early in this lawsuit, the Government sought a protective order (ECF No. 20). The Government explained that it had provided to Defendants a forensic image of part of the victim's computer server. The image contained "a large amount of sensitive data, including client loan applications and other financial information; proprietary corporate data (e.g. client and contact lists); and employee information, including payroll data, social security numbers, bank account information, and other PII (personally identifying information)." (PageID.43). The Government anticipated that Defendants may have a forensic computer expert analyze the image and asked for a protective order that would limit the dissemination of the sensitive data. The Court issued a protective order that permitted defense counsel to disclose discovery material to a limited number of individuals, including "experts or consultants retained to assist in preparation of the defense" (ECF No. 22 PageID.49). The order required "[d]efense counsel to take all reasonable steps necessary to ensure that government discovery material containing sensitive information and PII [personal identifiable information] are not improperly disclosed" (*id.* PageID.50).

In the motion to show cause, the Government alleges that the defense expert, Ben Gonzalez, shared discovery material with individuals not authorized by the protective order. The Government argued that Mr. Gonzales stated that he "uploaded all discovery covered by the protective order" to a particular program (ECF No. 103 Mot. PageID.834). The Government explained that the program Mr. Gonzalez used shares data with other entities.

The Court held a hearing on the motion. Mr. Gonzalez admitted that he used a particular program, "VirusTotal," to examine the "NeemSoft.DLL" files (ECF No. 136 Hrg.

Trans. at 7-8 PageID.952-53).[2]  Mr. Gonzalez located the files on the computer hard drives that were exhibits in this case (*id.* at 8 PageID.953).  He later clarified that he uploaded both the NeemSoft files ("good" and "bad") "and also its source code" (*id.* at 15 PageID.960).  Mr. Gonzalez agreed that when a person uploads a file to either the VirusTotal website or puts a file into a downloadable VirusTotal application, VirusTotal shares the file with third parties, "what they call a security community" (*id.* at 13 PageID.958).  He acknowledged that his "expert report indicates that there is at least 70 external companies that the file has been shared with" (*id.* at 13-14 PageID.958-59).  Mr. Gonzalez further agreed that he was aware that VirusTotal "generally shares" samples of the files that are submitted to the "VirustTotal Community" (*id.* at 14 PageID.959).  Finally, Mr. Gonzalez agreed that other software or programs existed that he could have used to analyze the file, software or programs that would not necessarily share the file externally with others (*id.* at 27-28 PageID.972-73; at 30 PageID.975).

The testimony at the hearing established that Mr. Gonzalez violated the terms of the protective order.  Defendant's arguments do not undermine this conclusion.  At the hearing, Defendant argued that what Mr. Gonzalez did was necessary to assist in the preparation of the defense.  Not so.  While analyzing the files might have been necessary to assist in the preparation of the defense, Mr. Gonzalez admitted that he could have used different

---

[2] The Government sought clarification about what files were submitted to VirusTotal "because in your report it says, 'All of the files that were submitted were uploaded to VirusTotal'" (*id.* at 15 PageID.960).  The report contains a slightly different statement: "All of the files that were submitted *for examination* were uploaded and examined by VirusTotal" (ECF No. 103-1 Report at 5 PageID.842).  On pages 3 and 4 of the report (*id.* PageID.841-42), Mr. Gonzalez identified the files submitted to VirusTotal.

programs to accomplish that feat, ones that would not share the data with third parties. Defendant also argued that the data that was shared did not include any PII. The protective order, however, was not limited to sharing of personal information. The first paragraph of the protective order establishes that the protective order applies to *all* discovery material provided by the Government and the second paragraph limits the disclosure of discovery material only to certain individuals. By using the VirusTotal software, Mr. Gonzalez shared discovery material produced by the Government with third parties.

While the Government has established a violation of the protective order, the record does not establish that any of the information shared by Mr. Gonzalez with the VirusTotal community constitutes the sort of sensitive information identified by the Government in its motion for the protective order. Other than Defendant Yang's name, which was embedded in the source code, the NeemSoft files contained no PII about any client or employee of the victim, no proprietary corporate data (client and contact lists) and no financial information. The Government argues that companies ordinarily have some proprietary interest in source code that they pay to have created (Hrg Trans. at 16-17 PageID.961-62).[3] In his report, Mr. Gonzalez described the NeemSoft files as "a simple security measure" and compared the program to placing a lock on a door, an "industry security standard" (ECF No. 103-1 Report at 1 PageID.838).

---

[3] Answering questions posed by the Government, Mr. Gonzalez testified that the victim in this case might hold some sort of copyright or other interest in the code that it paid Defendant Yang to create (Hrg. Trans. at 17 PageID.962). The Government, however, did not put into the record any evidence that the victim itself considered the NeemSoft code to be proprietary.

The Court finds both Mr. Gonzalez and counsel for Defendant Yang violated the protective order. Based on the testimony at the hearing, the Court concludes that counsel failed to sufficiently convey the terms of the protective order to Mr. Gonzalez. While Mr. Gonzalez testified that he was probably given a copy of the protective order (Hrg. Trans. at 11 PageID.956), counsel clearly needed to provide more direction to the expert. After receiving the forensic image of the victim's computer from counsel, Mr. Gonzalez violated the terms of the protective order through his use of the VirustTotal program. The Court permitted the Government to impeach Mr. Gonzalez at trial by eliciting testimony that he had violated the Court's order. The Government has not sufficiently demonstrated any additional injury to the victim or to its case against the defendants.

Accordingly, the Court **GRANTS** the Government's motion for order to show cause (ECF No. 103) and finds that Mr. Gonzalez and counsel for Defendant Yang violated the terms of the protective order, and issues a reprimand for such conduct. **IT IS SO ORDERED.**

Date:   December 14, 2022                                    /s/  Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge